**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| YARA CHEHAB, as Next Friend of Rasha Alawieh<br><br>*Petitioner*,<br><br>v.<br><br>KRISTI NOEM, Acting Secretary of U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); PETER R. FLORES, in his official capacity as Commissioner, U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); MARCO RUBIO, U.S. Secretary of State; and JOHN DOE, Field Director, CBP, Boston Field Office<br><br>*Respondents*. | Case No. _____<br><br>Date: March 14, 2025<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Petitioner, as next-of-friend, files this action because the U.S. Customs and Border Protection ("CBP") at Bost Logan International Airport is detaining Dr. Rasha Alawieh without any justification and without permitting them access to their counsel. At the time of filing, this unlawful detention has lasted for 36 hours since her arrival at Boston Logan International Airport at approximately 5:35 a.m on March 13, 2025.

2. Dr. Rasha Alawieh is a citizen of Lebanon seeking to enter the United States on a H1B visa that the U.S. government issued on March 11, 2025 for the purposes of pursuing her

1

employment at Brown University ("Brown") in Providence, Rhode Island as an Assistant Professor of Medicine, Clinican Educator in the nephrology department. See Exhibit #1.

3. Dr. Alawieh has previously lived in the United States and worked at Brown prior to the issuance of her current H1B visa. Dr. Alawieh graduated from medical school in 2015 and has held fellowships and residencies at three universities in the United States.

4. Despite repeated requests from Dr. Alawieh's family members and a volunteer attorney, CBP refuses to provide any justification for their detention, refuses to allow the attorneys to talk to Dr. Alawieh, and refuses to provide assurances that Dr. Alawieh will not be deported to Lebanon at 7:45 pm tonight, March 14, 2025, immediately following this detention, even though two U.S. government entities, the Department of State and U.S. Citizenship and Immigration Service ("USCIS") have approved Dr. Alawieh's H1B petition and visa. The Petitioner files this petition for writ of habeas corpus because CBP's actions violate its statutory and constitutional obligations.[1]

## PARTIES

5. Petitioner is Yara Chehab, first cousin of Dr. Alawieh. Given CBP's refusal to allow counsel access to Dr. Alawieh and thereby prevent Dr. Alawieh from directly accessing the courts to secure her rights, Petitioner brings this case as next of friend for Dr. Alawieh.[2]

---

[1] Although counsel of record on this matter represented Ms. Alawieh in the visa petition process, counsel bring this case on behalf of Petitioner as next friend because Ms. Alawieh is currently being held incommunicado and unable to direct the litigation. Counsel is willing and able to represent Ms. Alawieh once permitted access.

[2] Standing based on the next-friend doctrine is permissible where, as here, the real party in interest is unable to litigate his own cause due to inaccessibility or other similar disability and where the next-friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *see Padilla v. Rumsfeld,* 352 F.3d 695 (2d Circ. 2003) (holding that petitioner's attorney could serve as next-friend because petitioner was being held incommunicado), *reversed and remanded for other grounds*, 542 U.S. 426 (2004).

6.  Dr. Alawieh is a Lebanese national and holder of an H1B visa that grants her the benefit of living and working in the U.S. as a professional at a U.S. university. She is currently believed to be in CBP custody at Boston Logan International Airport.

7.  Respondent Kristi Noem is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"). She is a custodian of Ms. Alawieh and has the authority to order his release. She is sued in her official capacity.

8.  Respondent Peter R. Flores is the Commissioner of Customs and Border Protection ("CBP"), which is a part of DHS. He is an immediate custodian of Ms. Alawieh and has the authority to order her release. He is sued in his official capacity.

9.  Respondent Marcio Rubio is the U.S. Secretary of State and is sued in his official capacity.

10. Respondent Field Office Direcotor for CBP at Boston, Massachusetts is the Boston Field Director for CBP. She/He is an immediate custodian of Ms. Alawieh and has the authority to order his release. She/he is sued in her/his official capacity.

## STATEMENT OF FACTS

### THE USCIS AND THE DEPARTMENT OF STATE HAVE BOTH ISSUED AN H-1B VISA TO DR. RASHA ALAWIEH

11. Dr. Rasha Alawieh is a Lebanese national, born on July 12, 1990. She is a specialist in Transplant Nephrology. The Division of Nephrology of Brown Medicine, Inc. (affiliated with Brown University), offered Dr. Alawieh an assistant professorship to begin in July 2024. Brown Medicine sponsored her for an H-1B visa in order to do that work. That petition was approved in June 2024. Dr. Alawieh traveled to Lebanon in February for a brief visit, but wasn't able to obtain a visa from the Consulate in Beirut until March 11, 2025. See Exhibits #2, #3.

12.     Dr. Alawieh obtained her medical degree from the American University of Beirut n 2015, and completed her residency in 2018 at the American University of Beirut Medical Center. She was approved to come to the United States in 2018 to complete a two-year fellowship in Nephrology at Ohio State University. She then completed a Transplant Nephrology fellowship at the University of Washington before moving to the Yale Waterbury Internal Medicine Program. She completed her program at Yale in June 2024.

13.     Dr. Alawieh was in the U.S. on a J-1 visa during her time at the University of Washington, Ohio State University, and Yale. Once she takes on the role of teaching, the H-1B is the appropriate visa. USCIS scrutinizes these petitions before approving them, and could be expected to uncover any reasons the petition might be denied, whether relating to the Petitioner, the Beneficiary, or the employment. The petition for Dr. Alawieh's H-1B visa was approved only ten days after being filed.

14.     When Dr. Alawieh was in Lebanon in February, she faced delays in the processing of her visa. Our understanding is that this delay was due to increased vetting of Lebanese nationals in case of any security risk, under administrative processing. The visa was issued on March 11, 2025.

15.     Dr. Alawieh was detained upon her arrival at Boston Logan Airport on March 14, 2025. The Division of Nephrology at Brown Medicine is extremely distressed at this treatment of their colleague. She is an assistant professor and has serious responsibilities. Her colleagues have been covering for her, but that is no solution. Dr. Alawieh is an outstanding academic in Transplant Nephrology, and she is needed at Brown Medicine.

**CBP DETENTION OF DR. ALAWIEH**

16. Upon information and belief, CBP took Dr. Alawieh into custody at the airport soon after arrival at 5:35 a.m. on March 13, 2025. A family member learned that Dr. Alawieh had been detained and would be returned to Lebanon at 7:45 pm on March 14, 2025. Ultimately, the family member contacted her attorneys. Her cell phone was taken from her shortly after that, and no one has been able to make contact with her since then.

17. CBP has refused to provide any information on the reason for her detention and expedited removal, nor to confirm the flight.

## JURISDICTION AND VENUE

18. Jurisdiction is conferred on this court by 28 U.S.C. §§ 1331, 1361, 2201-02, 2241, 2243, and the Habeas Corpus Suspension Clause of the U.S. Constitution (U.S. Const. art. I, § 9, cl.2).

19. Venue properly lies within U.S. District Court of Massachusetts because a substantial part of the events or omissions giving rise to this action occurred in the District. 28 U.S.C. § 1391(b)(2).

20. To the best of knowledge of undersigned counsel and of Petitioner, no complaint or petition for habeas corpus has been previously filed in any court to review Dr. Alawieh's case. No proceeding has been held in this matter, or in any related matter, in Immigration Court. Nor has there been any proceeding or substantive occurrences with respect to removal, which is a matter that is not the subject of this petition.

## CAUSES OF ACTION

### COUNT ONE
### FIFTH AMENDMENT – SUBSTANTIVE AND PROCEDURAL DUE PROCESS

5

21. Petitioner realleges and incorporates by reference each and every allegation contained above.

22. Respondents' conduct violates Fifth Amendment's guarantee of Substantive Due Process.

## COUNT TWO
## FIFTH AMENDMENT – PROCEDURAL DUE PROCESS

23. Respondents' conduct violates Fifth Amendment's guarantee of Procedural Due Process. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clause of the Fifth Amendment.

## COUNT THREE
## ADMINISTRATIVE PROCEDURE ACT ("APA")

24. Respondents' conduct is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or constitutional right, in violation of § 555(b) and 706 of the APA.

## COUNT FOUR
## THE IMMIGRATION AND NATIONALITY ACT ("INA")

25. Respondents' conduct violates 8 U.S.C. §§ 1101(a)(27), 1153(b)(4), and 1181.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

(1) Enter an emergency stay of removal prohibiting Respondents from deporting Dr. Alawieh;

(2) Enter preliminary relief permitting counsel access to Dr. Alawieh and ordering release of Dr. Alawieh

(3) Issue a Writ of Habeas Corpus requiring Respondents to release Dr. Alawieh forthwith;

(4) Enter a judgment declaring that Respondents' detention of Dr. Alawieh was and is unauthorized by statute and contrary to law;

(5) Award Petitioner reasonable costs and attorneys' fees; and

(6) Grant any other and further relief that his Court may deem fit and proper.

Dated: October 18, 2024				Respectfully submitted,

						/s/ Stephanie E.Y. Marzouk
						Stephanie E.Y. Marzouk
						Marzouk Law LLC
						2464 Massachusetts Ave Ste 317
						Cambridge, MA 02140
						Tel: 617-674-2112
						Fax: 617-674-1664
						Email: sym@marzouklaw.com

						Attorney for Petitioner

## VERIFICATION

I, _Yara Chehab_, state the following under penalty of perjury:

1. I am _the cousin_ and I am filing the foregoing Petition for Writ of abeas Corpus as Next Friend to Rasha Alawieh.

2. The facts stated in this Petition are true and correct to the best of my information, knowledge, and belief.

Dated: _03/14/2025_____

_____

*/s/ Yara Chehab*

INDEX OF EXHIBITS

A. Dr. Rasha Alawieh's visa.................................................................................................1

B. Dr. Rasha Alawieh's partial CV.......................................................................................2

C. Dr. Rasha Alawieh's H1B visa approval notice from USCIS..................................................3