John A. Hawkinson, freelance news reporter
Box 397103
Cambridge, MA 02139-7103
617-797-0250, *jhawk@alum.MIT.EDU*

April 3, 2025

The Honorable Leo T. Sorokin
United States District Judge
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**BY HAND DELIVERY**

Re: Sealing in *Alawieh v. Noem*, No. 25-cv-10614

Dear Judge Sorokin:

I am a reporter covering immigration cases generally and I write to express concern regarding the sealing of documents in the above-captioned case[1], specifically your electronic minute order ECF No. 31 of April 2, 2025, granting without objection ECF No. 20, "Petitioner's Emergency Motion to Seal Document [16] Answer to Complaint and all exhibits."

Because I was present at the Clerk's Office at the time the Government's March 17 response (ECF No. 16, the subject of the sealing motion) (hereafter "the response" or "the Government's response") was filed, I had the opportunity to review the now-sealed documents and consequently am in a position to know precisely what was sought to be sealed, a benefit not generally afforded to media representatives who object to sealing[2].

---

[1] Previously captioned *Chehab (as next friend of Alawieh), v. Noem*. Civil Action No. 25-cv-10614.

[2] Because I have seen the filing — which was widely reported by myself and colleagues — and took detailed notes on it, I am <u>not</u> now seeking to intervene in the case for the purpose of filing a motion to either reconsider your sealing order pursuant to Fed. R. Civ. P. 60(b) or to move to unseal ECF No. 16.

"Third parties, like the media entities, 'have standing to assert their claim of access to documents in a judicial proceeding.' The proper procedural method for asserting access . . . is a motion to intervene pursuant to Fed. R. Civ. P. 24.'" *United States ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass 2002) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783, 787 (1st Cir. 1988)). *See also In re Globe Newspaper Co.*, 729 F.2d 47, 50 n.2 (1st Cir. 1984).

Sealing is a situation in our judicial system where the adversarial process often breaks down. It is frequently not in the interest of party opponents to object to sealing requests that lack merit, so it falls to judges to perform an independent review and make appropriate findings to support sealing.

The justification for the sealing must be articulated in specific findings made by the trial court sufficient to enable appellate review. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581 (1980); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986).

In the instant case, not only did the sealing order not articulate such findings, but neither did Petitioner's Emergency Motion, ECF No. 16, provide a basis for such.

I do not fault Petitioner's counsel's emergency motion for the lack of argument — the Government's response arrived the morning after Petitioner's Big Law (presumed *pro bono*) counsel unexpectedly withdrew from the case, leaving Petitioner's solo practitioner immigration counsel to handle the entire case, and furthermore to file an emergency motion from her laptop computer while "on the go" in the federal courthouse.

Nor do I fault the Court for the provisional sealing order, ECF No. 21, which appropriately balanced Petitioner's interest in limiting further disclosure of the sought-to-be-sealed documents against the public interest, implicitly recognizing that if the response were not provisionally sealed, the "cat would be out of the bag."[3]

My review of the Government's response and its exhibits suggested that while it contains "bad facts" for Petitioner that she might prefer not be disclosed in the court of public opinion, it does not appear to contain any private personal information or confidential information that would merit a seal.

---

[3] However, the cat was out of the bag anyhow, because members of the press and public reviewed the not-yet-sealed filing within seconds of its being docketed.

The foregoing should not be interpreted as waiver of the argument that "appeals seeking to restrain 'further dissemination of publicly disclosed information' are moot" "'[b]ecause that disclosure cannot now be undone.'" *See, e.g., Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016).

Your Honor's order is puzzling to me, because it cites *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) for the proposition that the public has a right of access, but suggests that because Petitioner's motion is unopposed, the Court may allow the sealing.

But *Providence Journal* is explicit in "caution[ing] that this inquiry requires specific findings" and such findings are required "to facilitate appellate review." *Id.* 13, 15.

Undersigned would respectfully request that Your Honor revisit the sealing question, as contemplated by your order ("without prejudice to the Court revisiting the sealing issue at a later stage of the proceedings"), prior to closure of the case.

And should that occur, I would further request, respectfully, that Your Honor make specific findings in support of any sealing, consistent with binding First Circuit and Supreme Court precedent.

Or, if an adversarial process is preferred, that the Court so indicate and allow time for media representatives to intervene to respond to the sealing issue[4], should Petitioner muster a more fulsome argument in support of sealing.

Thank you very much for your attention.

Very truly yours,

John A. Hawkinson

cc: Counsel of record, via email.

---

[4] Undersigned was advised by a representative of the US Attorney's Office on March 17 that the Government "will be filing a motion to oppose the sealing shortly." In reliance on that, as well as the expectation that the Court would in any case perform its own inquiry as to sealing, coupled with the especially slim arguments for sealing put forth by Petitioner, undersigned had no reason to believe intervention would be necessary to contest the sealing. All for a group of documents that had already been publicly seen and reported on, however briefly.