**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

RASHA ALAWIEH,

*Petitioner-Plaintiff,*

v.

[FIRST NAME UNKNOWN] TWEEDIE, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; [FIRST NAME UNKNOWN] KANE, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; CAROLINE R. TULLY, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; JOHN/JANE DOE, Acting Field Office Director of the Boston Field Office of U.S. Customs and Border Protection; PETER R. FLORES, Acting Commissioner, U.S. Customs and Border Protection; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General, U.S. Department of Justice,

*Respondents-Defendants,*
*all named in their official*
*capacities.*

Case No. 1:25-cv-10614 (LTS)

---

## PETITIONER-PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner-Plaintiff, Dr. Rasha Alawieh ("Dr. Alawieh"), hereby provides notice of supplemental authority in support of her First Amended Habeas Petition and Complaint for Declaratory and Injunctive Relief ("Am. Pet."), ECF No. 34.

On June 27, 2025, the U.S. Supreme Court issued a decision in *Kennedy v. Braidwood Management Inc.*, 606 U.S. ____, 145 S. Ct. 2427 (June 27, 2025). The case concerns the U.S. Preventive Services Task Force ("PSTF"), a body within the U.S. Department of Health and

Human Services ("HHS") that is responsible under the Affordable Care Act of 2010 for determining whether health insurers must cover certain preventative health-care services at no cost to the insured. The question presented was whether PSTF members are inferior "officers" or principal "officers" under the Appointments Clause. *Id.* at 2442–43. The Court ruled that PSTF members are inferior "officers" whom the HHS Secretary must appoint. *Id.* at 2448. And the parties otherwise agreed that PSTF members "exercise significant governmental authority and qualify as 'officers' of the United States" under the Appointments Clause, in contrast to being mere employees whose hiring is not subject to the requirements of the Appointments Clause. *Id.* at 2443.

The Court's ruling in *Braidwood* and the case's procedural history both support Dr. Alawieh's arguments in this case that officials of U.S. Customs and Border Protection ("CBP") who make inadmissibility determinations at ports of entry exercise significant authority and are therefore "officers" subject to the requirements of the Appointments Clause. *See* Am. Pet. at ¶¶ 30–35; Mem. of Law in Supp. of First Am. Habeas Pet. and Compl. for Declaratory and Injunctive Relief at 2–18 ("Mem. of Law"), ECF No. 46; Pet'r's Reply Mem. of Law in Supp. of First Am. Habeas Pet. and Compl. for Declaratory and Injunctive Relief at 2–9 ("Reply Mem. of Law"), ECF No. 53. The Solicitor General's office did not ask the Court to address that issue in its petition for a writ of certiorari in *Braidwood*, because the parties considered the PSTF members' "officer" status well settled after litigating that issue below.

When *Braidwood* was before the district court in 2022, the government had argued that PSTF members were not "officers," citing the fact that PSTF members work only part-time, do not receive compensation, and their work consists only of "frequent emails" and "multiple conference calls each month," amounting to "approximately 200 hours a year," in addition to three annual in-person meetings. *Braidwood Management Inc. v. Becerra*, 627 F. Supp. 624, 643–45

(N.D. Tex. 2022). The district court rejected that argument, *id*. at 645, and the HHS Secretary subsequently appointed the PSTF members as inferior officers, 145 S. Ct. at 2441. The government in *Braidwood* had also argued to the district court that the "incidental" effects of PSTF members' decisions should not be considered when determining the extent of their authority for Appointments Clause purposes. 627 F. Supp. 3d at 644. The district court rejected that argument, too, relying on *Lucia v. Securities and Exchange Comm'n*, 585 U.S. 237 (2018), to find that what matters in determining if a given role has "officer" status is "'the extent of power an individual wields in carrying out his assigned functions.'" *Id*. (quoting *Lucia*, 585 U.S. at 245). The well-settled status of PSTF members as "officers" for purposes of the Appointments Clause in *Braidwood* amply supports the "officer" status of CBP agents in cases like Dr. Alawieh's.[1]

Dated: August 26, 2025                                    Respectfully submitted,

  */s/ Golnaz Fakhimi*
Golnaz Fakhimi
Sadaf Hasan
Eric Lee
Muslim Advocates
1032 15th Street N.W. #362
Washington, D.C. 20005
Tel: (202) 655-2969
Email: golnaz@muslimadvocates.org

  /s/ Stephanie E.Y. Marzouk

---

[1] The PSTF's manual makes clear that the powers of PSTF members are less than those of CBP officers making inadmissibility decisions at ports of entry. *Compare* U.S. Preventive Services Task Force, Procedure Manual, Section 1.9 - *Overview of the Process* ("The Task Force selects and prioritizes topics for review, approves the analytic framework, determines the questions and outcomes of interest, interacts with the [Evidence-based Practice Centers] about evidence issues, judges and grades the level of the available evidence, determines the balance of benefits and harms, and makes the recommendation."), https://www.uspreventiveservicestaskforce.org/uspstf/about-uspstf/methods-and-processes/procedure-manual/procedure-manual-section-1#9, *with* Mem. of Law at 8–17 (articulating significant authorities of CBP officers at ports of entry), ECF No. 46; Reply Mem. of Law at 3–9 (same), ECF No. 53.

Marzouk Law LLC
2464 Massachusetts Ave Ste 317
Cambridge, MA 02140
Tel: 617-674-2112
Fax: 617-674-1664
Email: sym@marzouklaw.com

*Attorneys for Petitioner-Plaintiff*