UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASHA ALAWIEH,<br><br>        *Petitioner-Plaintiff*,<br><br>v.<br><br>[FIRST NAME UNKNOWN] TWEEDIE, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; [FIRST NAME UNKNOWN] KANE, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; CAROLINE R. TULLY, Officer of U.S. Customs and Border Protection at the Boston Logan International Airport; JOHN/JANE DOE, Acting Field Office Director of the Boston Field Office of U.S. Customs and Border Protection; PETER R. FLORES, Acting Commissioner, U.S. Customs and Border Protection; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General, U.S. Department of Justice,<br><br>        *Respondents-Defendants,*<br>        *all named in their official*<br>        *capacities.* | Case No. 1:25-cv-10614 (LTS) |

**PETITIONER-PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

      Petitioner-Plaintiff, Dr. Rasha Alawieh ("Dr. Alawieh" or "Petitioner"), hereby opposes the Motion to Strike Petitioner's Notice of Supplemental Authority, ECF No. 55 ("Resp'ts' Mot." or "motion") that Respondents-Defendants' ("Respondents") have filed. Respondents' motion rests on an unduly rigid interpretation of the local rules, mischaracterizes the nature of Petitioner's notice, and seeks excessive relief.

1

Petitioner's notice, the body of which comprises about two pages of text, identified the Supreme Court's recent decision in *Kennedy v. Braidwood Management Inc.*, 145 S. Ct. 2427 (2025), which addresses a central legal question in this case about whether and how given federal officials constitute "officers" under the Appointments Clause. Pet'r's Not. of Suppl. Authority, ECF No. 54 ("Pet'r's Not."). Given the status of *Braidwood* as controlling precedent relevant to a centrally disputed issue in this case, the Court should deny Respondents' motion or at most either (1) grant Respondents leave to respond to the notice or (2) strike any portions of the notice the Court deems unduly argumentative.

This District has acknowledged that "[notices of supplemental authorities] are commonly used in the federal court system to alert courts to decisions relevant to a pending motion." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (internal quotations omitted). Petitioner's notice did just that: it alerted the Court to a Supreme Court decision relevant to her amended petition and briefly explained its relevance.

Respondents argue Petitioner should have cited *Braidwood* in her July 11, 2025, reply memorandum of law in support of her amended habeas petition. Resp'ts' Mot. at 2. In her reply, Petitioner referenced that she anticipated filing a notice of supplemental authority concerning *Braidwood*, which the Supreme Court had issued on June 27, 2025. *See* Pet'r's Reply Mem. of Law in Supp. of First Am. Habeas Pet. and Compl. for Decl. and Inj. Relief at 2 n.1, ECF No. 53. Petitioner's counsel did so knowing that this Court had granted Petitioner leave to file an oversized reply of 15 pages in length, over Defendants' opposition. ECF No. 52, and out of concern about their ability to stay within that page-limit were they to address *Braidwood* therein.

Courts can and do accept notice of supplemental authority filed after briefing, even when the underlying decision predates the final brief of the party providing the notice. In *McGee v. Cole*,

993 F. Supp. 2d 639 (S.D. W.Va. 2014), the plaintiffs filed a notice of supplemental authority after briefing had concluded, attaching two decisions that had been available earlier. *Id*. at 643–44. The defendants moved to strike on the same grounds that Respondents have raised here. *Id*. The *McGee* Court held that "[a]lthough Plaintiffs should have sought leave before making this filing, as a practical matter the Court would have read these two cases regardless." *Id*. at 644. It therefore considered the cases but struck accompanying argument. *Id*. at 645.

If this Court considers any of the content of Petitioner's two-page notice of supplemental authority unduly argumentative, then this Court could afford Respondents an opportunity to respond or otherwise apply the approach of the *McGee* Court, in lieu of striking the entirety of Petitioner's notice. *Braidwood* is a Supreme Court decision of central relevance to the Appointments Clause issues the parties have briefed. By contrast, *Rizo v. United States*, 2014 WL 7152755, at *1 (S.D. Fla. 2014), cited by the Respondents, *see* Resp'ts' Mot. at 1, involved parties attempting to provide notice of cases already over a year old and that the court considered nonbinding. 2014 WL 7152755, at *1.

Respondents contend that Petitioner's notice constitutes a surreply. Resp'ts' Mot. at 1. That contention is misplaced. Petitioner's notice was concise, under two pages, and limited to explaining the relevance of a new Supreme Court decision. As other courts have found, a notice only becomes a sur-reply when it raises new arguments. *See, e.g.*, *United Broadcasting Corp. v. Miami Tele-Communications*, 140 F.R.D. 12, 13 (S.D. Fla. 1991). Here, Petitioner's notice did not do so: it merely referenced new authority.

Even if the Court were to treat the filing as a sur-reply, it retains broad discretion to allow it. "[D]istrict courts have discretion to decide whether to strike or permit a litigant's sur-reply." *Neary v. Weichert*, 489 F. Supp. 3d 55, 62 (E.D.N.Y. 2020). Likewise, "[a] district court has broad

discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Striking the entirety of the notice, even if deemed a sur-reply, is unwarranted. This District has recognized that motions to strike are "generally disfavored." *Legal Sea Foods*, 517 F. Supp. 3d at 33 (citing *Pineda v. Skinner Servs.*, No. 16-cv-12217, 2020 WL 5775160, at *6 (D. Mass. Sept. 28, 2020) (collecting cases)). Where such a notice unduly contains argument, the Court may afford the other party/ies an opportunity to respond or otherwise disregard that surplusage, in contrast to striking the notice in full. *See, e.g.*, *McGee*, 993 F. Supp. 2d at 644. A reasonable and fair course here—if the Court finds any portion of Petitioner's notice excessive—would be to give the Respondents an opportunity to respond to the notice or otherwise disregard any undue argument the Court considers the notice to contain.

For these reasons, the Court should deny Respondents' motion to strike or at most either (1) grant Respondents leave to respond to the notice or (2) strike any portions of the notice the Court deems unduly argumentative.

Dated: September 16, 2025                           Respectfully submitted,

                                                                         /s/ *Golnaz Fakhimi*
                                                                          Golnaz Fakhimi
                                                                          Sadaf Hasan
                                                                          Eric Lee
                                                                          Muslim Advocates
                                                                          1032 15th Street N.W. #362
                                                                          Washington, D.C. 20005
                                                                          Tel: (202) 655-2969
                                                                          Email: golnaz@muslimadvocates.org

                                                                    /s/ *Stephanie E.Y. Marzouk*
                                                                          Marzouk Law LLC
                                                                          2464 Massachusetts Ave Ste 317

Cambridge, MA 02140
Tel: 617-674-2112
Fax: 617-674-1664
Email: sym@marzouklaw.com

*Attorneys for Petitioner-Plaintiff*